UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| (MAXIMILIANO) SILEONI,<br><br>  Plaintiff,<br><br>vs.<br><br>INTERNAL REVENUE SERVICE, IRS DIRECTOR,<br><br>  Defendants. | Case No. 1:21-CV-00038-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Maximiliano Sileoni was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff cannot proceed on his claims without further administrative action and amendment.

### REVIEW OF COMPLAINT

1. **Standards of Law**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial

plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556. A plaintiff must provide sufficient factual allegations to show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid*.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a pro se plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory under the *Iqbal/Twombly* standard. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

In March 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), 26 U.S.C. § 6428, to provide emergency relief to individuals in the form of a tax credit (payment) for 2020. Additional relief was provided in 2021. To qualify for the payments, a person must be a United States citizen, a lawful permanent resident ("green card" holder), or a qualifying resident alien, and must have a Social Security number. *See id*.

If a person is eligible to collect all or some of the stimulus money, but it never arrived, he can claim the missing money on his 2020 tax return as a "Recovery Rebate Credit," using 2020 Form 1040 or Form 1040-SR to claim a catch-up stimulus payment. If a person does not usually file a tax return because he does not meet the required income threshold, he will nevertheless need to file a 2020 return to obtain the stimulus payments. Plaintiff has provided no plausible factual allegations that he has filed his tax return and has received a written rejection or notice of disallowance of his claim for stimulus funds explaining that he is being denied funds simply *because* he is an alien, such that would support an equal protection claim.

## 2. Factual Allegations and Discussion

Plaintiff, who is an Idaho state prisoner, alleges that he is a resident alien of the United States, but he has been excluded from receiving CARES Act stimulus funds. However, he has not provided any proof that he is eligible for stimulus funds or has taken the necessary steps to request the funds from the Internal Revenue Service by filing a 2020 tax return to claim the funds. Therefore, his lawsuit is premature. The Court will stay this case for a period of 180 days while Plaintiff files his tax return to obtain his funds. He may file an amended complaint within that time frame if he qualifies but has been denied the funds, and he must provide proof of written denial and the reasons for the denial. He must file a notice of voluntary dismissal if he receives his funds.

## ORDER

**IT IS ORDERED:**

1. This case shall be STAYED for a period of 180 days. It shall be administratively terminated during that time period, without affecting Plaintiff's filing date or his claims.

2. Within 180 days after entry of this Order, Plaintiff must file either an amended complaint showing how his federal statutory or constitutional rights have been violated (including exhibits supporting the IRS disallowance of his claims), or a notice of voluntary dismissal if he qualifies for and receives his stimulus money from the United States government. If Plaintiff does nothing further within that time

frame, this case will be dismissed for failure to state a claim upon which relief can be granted, without further notice.

DATED: May 3, 2021

David C. Nye
Chief U.S. District Court Judge